# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JORDAN MICKLEVITZ,

    Plaintiff,

    v.                                       Case No. 16-CV-905

TEHRANGI CHAPMAN,
MATTHEW ZAWORSKI,
TRAVIS JUNG,
RICHARD FREDERICKS, and
RICHARD VILLANUEVA,

    Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND DEFENDANTS AND GRANTING DEFENDANTS' MOTION TO STAY

In an Order entered August 18, 2016, I allowed the plaintiff, Jordan Micklevitz, to proceed on Fourth Amendment claims against the defendants. This matter is now before me on Micklevitz's motion to amend defendants and defendants' motion to stay this case pending resolution of Micklevitz's criminal case in state court.

First, Micklevitz filed a very brief motion asking to add the City of Milwaukee and the Milwaukee Police Department as defendants. He provides no basis for this request, and he did not attach a proposed amended complaint. *See* Civil Local Rule 15 (E.D. Wis.). Additionally, the Milwaukee Police Department is not a suable entity under 42 U.S.C. § 1983, *Grow v. City of Milwaukee*, 84 F.Supp.2d 990, 995-96 (E.D.Wis. 2000), and Micklevitz's original complaint did not contain any policy or custom claims against the City

of Milwaukee. *See Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009). Accordingly, Micklevitz's motion to amend defendants is denied.

Second, the defendants filed a motion to stay this case pending resolution of the criminal case pending against Micklevitz in state court. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Micklevitz's Fourth Amendment claims involve constitutional issues that may be litigated during the course of his criminal case; deciding those issues in federal court could undermine the state court proceeding. *See Gakuba*, 711 F.3d at 753 (citations omitted). Therefore, I will grant the defendants' motion and stay this case pending resolution of Micklevitz's criminal case, including appeals.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Micklevitz's motion to amend defendants (Docket # 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay (Docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED**. The plaintiff shall file a motion to lift this stay within sixty days of the conclusion of his criminal case, including any appeals (*i.e.*, within sixty days of the decision of the Wisconsin Court of Appeals or the Wisconsin Supreme Court, if applicable).

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case.

Dated at Milwaukee, Wisconsin this 20th day of October, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge